IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. DUCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-259-D |
| ) | |
| UNITED STATES, Department of ) | |
| Veteran Affairs, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for New Trial [Doc. No. 57], filed October 26, 2010, pursuant to Fed. R. Civ. P. 59. Plaintiff seeks relief from the summary judgment entered against him on September 30, 2010. Because the Motion was timely filed and Plaintiff challenges the judgment, the Court considers the Motion to be filed under Fed. R. Civ. P. 59(e), although Plaintiff neither cites nor discusses this procedural rule.[1] Defendant has timely opposed the Motion, and the time for filing a reply brief has expired. The Motion is thus at issue.

The Court granted summary judgment to Defendant in this medical malpractice case under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2670-81, based on findings that Plaintiff lacked a qualified expert witness to testify concerning medical negligence or causation and, thus, Plaintiff was unable to prove the essential elements of his claim. *See* Order 9/30/10 [Doc. No. 55] at 5-6. The Court's decision to exclude Plaintiff's designated medical expert, Dr. Robert McCloy, Jr., was

---

[1] The court of appeals has instructed: "District courts should evaluate postjudgment motions filed within [the time period permitted by Rule 59] based on the reasons expressed by the movant . . . ." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits.").

made in a separate order issued September 29, 2010, pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Plaintiff contends the Court erred in two respects: (1) ruling that Dr. McCloy was not qualified as an expert in interventional cardiology; and (2) denying Plaintiff an opportunity to designate another expert before entering summary judgment. In his Motion, Plaintiff also proffers additional facts and evidence – primarily, the testimony of a treating physician, Dr. Nathan Grantham – to show that his treatment at the VA Medical Center amounted to medical negligence.[2] *See* Motion New Trial [Doc. 57] at 4.

The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).[3] In this case, Plaintiff fails to acknowledge this standard of decision or to satisfy it.

A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted). Here, Plaintiff fails to demonstrate a need to correct a clear error in the Court's *Daubert* ruling. Plaintiff simply repeats arguments he previously made in opposition to Defendant's motion to exclude Dr. McCloy, and presents additional arguments distinguishing the legal

---

[2] Plaintiff also relies on an excerpt from the written report of Defendant's expert, Dr. Jon R. Reeser. However, Plaintiff previously presented this evidence in opposition to Defendant's Motion for Summary Judgment. *See* Pl's Resp. Br. [Doc. No. 36] at 7-8.

[3] The Court recognizes its authority to alter or amend a judgment under Rule 59(e) is broad; the rule "invests the district court with the power to amend the judgment for any reason." *See Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1313 (10th Cir. 2000); *see also Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996). However, the Court finds insufficient reason to exercise its equitable power in this case.

authorities cited in the Court's September 29 Order. Plaintiff persists in a failure to recognize that he bore the burden of establishing Dr. McCloy's expertise in interventional cardiology and that he failed to satisfy this burden by merely relying on statements in Dr. McCloy's report that Dr. McCloy had "performed several periocardiocentesis procedures" and had received training and experience in cardiovascular disease during a two-year fellowship from 1971 to 1973. *See* Order 9/29/10 [Doc. No. 54] at 9.[4] Accordingly, the Court finds that Plaintiff has failed to justify reopening the case in order to revisit the *Daubert* ruling.

Further, Plaintiff presents no new evidence that was previously unavailable to him. As acknowledged by Plaintiff, and further explained in the government's response brief, Plaintiff obtained Dr. Grantham's deposition testimony more than six months before the Court issued its summary judgment ruling, but failed to present the evidence for consideration. When utilizing a Rule 59(e) motion to submit additional evidence, "the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (internal quotation omitted). Plaintiff's proffered evidence does not warrant reconsideration under this standard.

Finally, Plaintiff suggests that the Court should have entered a new scheduling order and allowed him to start over with a new expert after the Court issued its *Daubert* ruling. Plaintiff essentially argues that a continuance to permit a late designation of an expert witness is warranted whenever a plaintiff's expert is excluded and an expert opinion is critical to the plaintiff's case. Plaintiff presents no legal authority for this proposition, and the Court is aware of none. To the

---

[4] Plaintiff argues, without citation to the record and incorrectly based on Dr. McCloy's report, that Dr. McCloy had "performed the pericardiocentesis procedure numerous times." *See* Motion [Doc. 57] at 3.

3

contrary, an order granting summary judgment against a plaintiff routinely accompanies an order excluding the testimony of the plaintiff's expert. *See*, *e.g.*, *Hollander v. Sandoz Pharmaceuticals Corp.*, 289 F.3d 1193 (10th Cir. 2002); *Cruz v. Bridgestone/Firestone N. Amer. Tire, LLC*, 388 F. App'x 803 (10th Cir. 2010); *Agee v. Purdue Pharmaceuticals, LP*, 242 F. App'x 512 (10th Cir. 2007); *Solorio v. United States*, 85 F. App'x 705 (10th Cir. 2004); *Graves v. Mazda Motor Corp.*, No. 10-6011, 2010 WL 5094286 (10th Cir. Dec. 15, 2010). Plaintiff does not explain why he is entitled to a different result because the Court issued separate orders rather than contemporaneous ones.

In short, upon consideration of Plaintiff's Motion, the record, and the governing law, the Court finds that Plaintiff has failed to establish a sufficient basis for relief from the *Daubert* ruling and the summary judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial [Doc. No. 57] is DENIED.

IT IS SO ORDERED this  14th   day of January, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE